Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MIKI SMITH

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| MIKI SMITH,<br><br>　　　　Plaintiff,<br>　　v.<br><br>GC SERVICES, LIMITED PARTNERSHIP,<br><br>　　　　Defendant. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MIKI SMITH ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LIMITED PARTNERSHIP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

1

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Sacramento, Sacramento County, State of California.

7. Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the RFDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff originating as a Chase bank account.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around May 2020, Defendant began calling Plaintiff on her cellular telephone at 916-835-9911 in an attempt to collect the alleged debt.

22. In or around August 2020, Defendant began calling Plaintiff on her work cellular telephone at 916-936-5124 in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from several telephone numbers, including 480-526-5567 and 480-542-7271 which are a two of Defendant's many telephone numbers.

24. On or about August 11, 2020, Plaintiff spoke to one of Defendant's collectors and told Defendant to stop calling Plaintiff's work cellular telephone.

25. On or about August 24, 2020, Plaintiff answered one of Defendant's collection calls which is transcribed in part, below:

    a. Miki Smith:
       "That's good. But do you realize that you've called me when I've told you not to call me at work?"

Angie Sharp:

"I know that you had spoke to another representative, and I think actually it was a manager and to my knowledge, it was a number that wasn't said that we shouldn't call there, but that you gave us another number to call. And if this was a number we shouldn't have called you at, I apologize. Nobody was reaching at the other number."

Miki Smith:

"Right. Okay. So ..."

Angie Sharp:

"I can definitely remove this one if this not a number you want us to reach you at. But if you have another number you want us to reach you at, let me know what that is. And then again, we will continue to reach out. This is a personal business matter that we're trying to get ahold of you about."

Miki Smith:

"I see. Okay. So this is my work phone, as you've probably found on the internet is how you even found it under my name or something. And I told the other person not to call me at work. And I keep getting calls at work and voicemails, and I don't know who you are. And you just say your name. And then I don't know who you are, so you just leave a message saying, "Call Angela Sharp." And I get a lot of calls and robocalls at this number, and I'm not going to call you back. And then when I call you back because you call so much, then you won't tell me what you're for, and you want me to give you my social and my address and my Chase card."

26. On or about August 26, 2020, Plaintiff answered one of Defendant's collection calls which is transcribed in part, below:

    a. Miki Smith:

"I don't know how, because it's connected into my phone number, but I just wanted to let you know that I've already asked people to stop calling me several times from this number."

Peggy Boujee:

"Oh. Okay, well I don't consent to being recorded. So if you're saying [inaudible 00:02:33] 9911 is not a good number, I can remove that, but-"

Miki Smith:

4

"Okay. You can remove that. I don't know who you guys are, but the people who call me from your company ask me for ... Like before they tell me who they are, they ask me for my social and stuff like that. It's really weird."

27. Despite Plaintiff's several request to Defendant to stop calling her, Defendant continued to call Plaintiff's work cellular telephone in an attempt to collect the alleged debt.

28. Defendant's collectors, including Angie Sharp, also leave voicemail messages on Plaintiff's work cellular telephone which are transcribed below:

   a. "This message is for Miki Smith. This is Angie Sharp. Please call me at (866) 391-0768, extension 5072. Thank you."

29. 866-391-0768 is one of Defendant's telephone numbers.

30. Defendant's voicemail messages to Plaintiff fail to disclose that the call is coming from GC Services, LP.

31. Defendant's voicemail messages to Plaintiff fail to disclose that the calls were placed in an attempt to collect the alleged debt.

32. Defendant's collectors, including Angie Sharp, are familiar with the FDCPA.

33. Defendant's collectors, including Angie Sharp, know that the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

34. Defendant's collectors, including Angie Sharp, know that the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when placing a collection call.

35. Defendant calls Plaintiff at an annoying and harassing rate.

36. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

37. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

38. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

39. Defendant has in its possession audio recordings made in connection with Defendant's efforts

5

to collect the debt at issue in this matter.

40. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

42. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

43. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

44. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so even after Plaintiff requested that Defendant stop calling her;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so even after Plaintiff requested that Defendant stop calling her;

    c. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors failed to

      disclose that the calls were from GC Services, Limited Partnership when leaving voicemail messages for Plaintiff;

d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

f. Defendant violated § 1692e(11) of the FDCPA when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff; and

g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, MIKI SMITH, respectfully requests judgment be entered against Defendant, GC SERVICES, LIMITED PARTNERSHIP, for the following:

45. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

46. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

47. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

49. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so even after Plaintiff requested that Defendant stop calling her;

   b. Defendant violated the § 1788.11(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so even after Plaintiff requested that Defendant stop calling her; and

   c. Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, MIKI SMITH, respectfully requests judgment be entered against Defendant, GC SERVICES, LIMITED PARTNERSHIP, for the following:

50. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

51. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

52. Any other relief that this Honorable Court deems appropriate.

a. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

b. Any other relief that this Honorable Court deems appropriate.

DATED:  September 29, 2020

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
MIKI SMITH